## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMIE LINDLEY, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION  H-11-3511 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. §

2254 challenging his conviction for driving while intoxicated.  Respondent filed a motion

for summary judgment (Docket Entry No. 14), to which petitioner filed a response (Docket

Entry No. 15).

Based on consideration of the pleadings, the motion and response, the record, and the

applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this

case for the reasons that follow.

### *Procedural Background and Claims*

The jury found petitioner guilty of driving while intoxicated in Brazos County, Texas,

and assessed his punishment at thirty-seven years incarceration as a habitual offender.  The

conviction was affirmed on appeal. *Lindley v. State*, No. 10-08-00330-CR (Tex. App.–Waco

2010, no pet.).  Petitioner did not seek discretionary review.  The Texas Court of Criminal

Appeals denied petitioner's application for state habeas relief. *Ex parte Lindley*, Application No. 61,293-06.

In the instant petition, petitioner claims that his trial and appellate counsel were ineffective in the following instances.

(1)     Trial counsel was ineffective in failing to:

    (a)     retain an expert in HGN field testing;

    (b)     assert a Rule 404(b) objection to extraneous offense evidence;

    (c)     object to the jury charge;

    (d)     object to the admission of State's Exhibits #1, #2, and #3;

    (e)     investigate petitioner's prior convictions; and

    (f)     challenge the reliability of the Intoxilyzer 5000.

(2)     Appellate counsel was ineffective in failing to:

    (a)     challenge properly the inadmissibility of evidence; and

    (b)     challenge the legal sufficiency of the evidence.

Respondent argues that these grounds lack merit and should be summarily dismissed.

### *Factual Background*

The state court of appeals set forth the following statement of facts in its opinion on direct appeal:

> A witness observed Lindley driving for a significant distance with his right turn signal on. Lindley then began to swerve on and off the road, varied speeds significantly, and was driving so erratically that the witness signaled

other drivers to warn them away and called the police. Lindley almost caused more than one accident and almost ran several cars off the road. When the officer pulled Lindley over, Lindley stopped in the middle of the highway.

Lindley exited the highway. Upon approach by the officer, Lindley appeared disoriented and confused. The officer smelled the odor of alcohol inside the vehicle and on Lindley's breath. Lindley was confused about his whereabouts and when asked to show his license and insurance, he attempted to read his insurance card upside down. Lindley stated he suffered from sleep apnea. Lindley had red bloodshot eyes. According to the officer, Lindley's balance was 'a little bit' unsteady walking around the car.

During the roadside encounter with the officer, Lindley gave different stories regarding where he was going and admitted that he had two beers earlier in the day. The officer conducted the Horizontal Gaze Nystagmus (HGN) test and observed four of six clues indicating intoxication. Lindley was unable to perform the walk and turn test, but the officer did not count that against Lindley due to his size and alleged physical condition.

Lindley was unable to perform the one leg stand because of previous back surgery. The officer then arrested Lindley and took him to the police station to take a breath sample from him. Lindley agreed, but then did not blow into the intoxilyzer machine correctly. Lindley was argumentative and belligerent at the station.

The officer who administered the breath test believed that Lindley held his breath and merely pretended to blow into the machine. The officers considered Lindley's failure to provide an adequate specimen after multiple attempts as a refusal.

The State called an expert witness to explain the HGN test and to give an opinion regarding the effects of alcohol on a person and observations regarding the videotape of Lindley. When four of six clues are shown on the HGN test, there is an 88 percent chance of accuracy that the individual is intoxicated. The witness pointed to several signs of intoxication in the video, which included Lindley's driving prior to the stop. Lindley straddled both lanes of the road. He stopped in the center of both lanes of the highway. Additionally, Lindley stopped two other times on the highway after driving forward a short distance. Lindley was slow to respond to the officer's

command while traveling a long distance before coming to a complete stop. Other signs of intoxication included the fact that Lindley did not follow commands when stopped, had slurred speech, performed poorly on the walk and turn test, and leaned on his vehicle for balance.

The expert also opined that the HGN test was administered properly. He also noted that Lindley was uncooperative at the station in providing a breath sample. While he was not familiar with Lindley's physical limitations, he still believed that Lindley was intoxicated as shown on the video. Further, he had found no research that narcolepsy would simulate intoxication in the HGN test. Lindley's brother and sister testified that they had each seen Lindley fall asleep suddenly, including while driving. His brother was unaware that Lindley had narcolepsy until Lindley told him about it and his sister did not know about it at all. When Lindley would wake up, he did not seem confused or disoriented. A local defense attorney observed Lindley fall over in court and stated that he looked like he was 'falling asleep walking' at a pretrial hearing, but might have just tripped.

Lindley went to a doctor five days after his arrest regarding a sleep problem. He was diagnosed with hypertension, sleep apnea, a disc injury in his spine, and possible narcolepsy. Narcolepsy is a daytime sleep disorder which causes individuals to fall asleep without notice. However, Lindley's diagnosis regarding narcolepsy was based solely on Lindley's self-report and no testing was conducted on Lindley to confirm whether or not he had narcolepsy. It is rare for narcolepsy to begin at Lindley's age, after age forty. He contended that the clues for the HGN test can also be caused by narcolepsy. He did not know the DSM criterion for diagnosing narcolepsy, which is an incident once daily for three months.

During the State's rebuttal case, the bailiff who was in the courtroom when Lindley fell described that incident. He stated that Lindley lost his balance and fell backwards while stepping down two steps in the jury box, but that he did not see Lindley fall asleep or pass out.

The officer who arrested Lindley for DWI in 2004 testified to the events surrounding that arrest. In that case, a call was received from a driver regarding highly erratic driving. Lindley was the driver. At the scene, the officer smelled the odor of alcohol on Lindley and Lindley had slurred speech. Lindley was able to and did perform the field sobriety testing at the scene,

4

including the HGN, walk and turn test, and the one leg stand.  He also consented to give a breath specimen, but did not blow into the tube properly. The officer believed that Lindley was holding his breath.

The individual who observed Lindley driving erratically prior to his arrest for the 2004 DWI testified that Lindley was swerving all over the highway and nearly caused several accidents, sped up and slowed down, and ran off the road at one point.  The individual and other drivers attempted to warn other vehicles and he called the police because Lindley's driving was so dangerous.

Documentary evidence was introduced at the beginning of the trial regarding two prior convictions where Lindley had pled guilty and been convicted of driving while intoxicated.  A fingerprint expert compared the fingerprints on the judgments with fingerprints she had taken of Lindley the morning of her testimony and found them to be from the same individual.  There was no objection either to the introduction of the exhibits or to the substance of the expert's testimony.

*Lindley*, at *5.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA,

federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court

unless the state adjudication of the claim was contrary to clearly established federal law as

determined by the Supreme Court, or involved an unreasonable application of clearly

established federal law as determined by the Supreme Court.  *Williams v. Taylor*, 529 U.S.

362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to

federal precedent if it applies a rule that contradicts the governing law set forth by the

Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *Id*. at 330–31; 28 U.S.C. § 2254(e)(1).

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the summary judgment evidence, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software*, *Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  While summary judgment rules apply with equal force in a section 2254 proceeding, the rule only applies to the extent that it does not conflict with the federal rules governing habeas proceedings.  Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant.  Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally

deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness

does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled.  *Id.*

Petitioner asserts that trial counsel was ineffective in the following instances, each of which will be separately addressed.

A.    *Failure to retain an HGN expert*

Petitioner complains that trial counsel failed to consult with, retain, and present a defense expert witness on HGN field testing, and that he should have cross-examined the State's HGN witness on voir dire to determine his qualifications to administer and interpret HGN testing.  In raising these claims, petitioner asserts that trial counsel did not have the necessary experience or knowledge to challenge the State's HGN expert.

In his affidavit submitted to the trial court on collateral review, trial counsel testified as follows:

> I am professionally acquainted with [the State's HGN expert witnesses] and consider them both to be knowledgeable and qualified to offer opinions on DWI related matters, including SFSTs [standardized field sobriety tests].  In this case, I aggressively cross-examined both [of the witnesses] about all aspects of the case.  I am aware that each of them is indeed qualified to testify as an expert on Horizontal Gaze Nystagmus (HGN).  [One of the experts], in fact, trains other officers on SFSTs at the local police academy.  An 'expert witness' would have been duplicitous.  I was also not aware of any 'expert witness' who was available to testify that HGN was not an accurate way to test for indicators of intoxication.

*Ex parte Lindley*, p. 33.  Trial counsel further testified that:

I have been an attorney and have been licensed in the State of Texas since 1983.  My practice consists primarily of defending criminal cases, with an emphasis on Driving While Intoxicated cases.  I have personally 'handled' over 300 DWI cases and have been 'first chair' or lead attorney in all of them. I have tried over 100 DWI jury trials.  I have extensive knowledge about defending DWI cases and fully understand the available defenses, including challenging police officer credibility, the Standardized Field Sobriety Tests (SFST), and the Intoxilyzer 5000.  I have consulted with medical doctors, including eye doctors (about the various issues associated with SFSTs and the body's absorption and elimination rates) and 'sleep' doctors (about sleep [apnea]).  I have successfully defended DWI cases with breath test results in excess of .17, as well as 'refusal' cases.  I always vigorously cross-examine police officer witnesses in DWI cases, especially on the subject of SFSTs.

*Id*.  The state habeas court found counsel's affidavit to be credible and concluded that counsel's "representation of [petitioner] during trial fell within the recognized standard for competent trial attorneys."  *Id.*, p. 45.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.

Petitioner presents no probative summary judgment evidence regarding the need for a defense HGN expert witness, the proposed testimony and availability of such witness, or that the testimony would have been material and beneficial to the defense.  *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) ("To prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.").  Petitioner's conclusory allegations, unsupported by the record, establish neither deficient performance nor prejudice under *Strickland*.  *See Ross v.*

*Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (holding that, absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value).

The state courts denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

B.    *Failure to object to prior DWI convictions*

During the guilt-innocence phase of trial, the State presented rebuttal testimony of two witnesses regarding details of petitioner's two prior DWI arrests.  The testimony showed that the details surrounding his driving and actions in the current arrest were similar or identical to those of his driving and actions in the two prior arrests.  Trial counsel objected to the evidence on grounds that it was not relevant and that it was more prejudicial than probative, but the objection was overruled.  Petitioner claims that trial counsel should have objected under Texas Rule of Evidence 404(b), as it was inadmissible extraneous offense evidence.

In his affidavit submitted to the trial court on collateral review, trial counsel testified as follows:

> When the prosecution presented evidence of a similar prior offense, I objected under the proper grounds.  I did not believe a Rule 404(b) objection was

11

proper under the facts presented and I do not think it would have been sustained by the trial (or an appellate) court.

*Ex parte Lindley,* p. 34.  The state habeas court found counsel's affidavit to be credible and concluded that counsel's "representation of [petitioner] during trial fell within the recognized standard for competent trial attorneys."  *Id.*, p. 45.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.

Petitioner fails to show that the evidence would have been excluded under Rule 404(b) and that, had counsel properly objected, the trial court would have erred reversibly in denying the objection.  The failure to raise meritless motions or to make meritless objections does not result in the ineffective assistance of counsel.  *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).  Petitioner fails to establish that, but for counsel's failure to object under Rule 404(b), there is a reasonable probability that the result of his trial would have been different.

The state courts denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

C.     *Failure to object to jury charge*

Plaintiff argues that trial counsel should have objected to the jury charge because it contained language impermissibly commenting on the weight of the evidence under *Bartlett*

*v. State*, 270 S.W.3d 147, 152 (Tex. Crim. App. 2008).  In *Bartlett*, the Texas Court of Criminal Appeals stated that "an instruction to the jury with respect to the admissibility of a defendant's refusal to take a breath test constitutes an improper comment on the weight of the evidence."  *Bartlett*, 270 S.W.3d at 152.  The relevant language in the instant case – "You are instructed that you may consider the Defendant's refusal to submit to a breath test, if he did refuse, as evidence in this case" – would have constituted an improper comment on the weight of the evidence under *Bartlett*.

Trial counsel's failure to object to this language would constitute ineffective assistance only if the language was objectionable under state law.  As noted by the court of appeals in its opinion, *Bartlett* had not been decided at the time of petitioner's trial, and the appellate court declined to "find ineffective assistance of counsel solely based on an opinion that did not exist at the time of the trial."  *Lindley*, at *3.

Petitioner also raised this issue in his state habeas application.  In his affidavit submitted to the trial court on collateral review, trial counsel testified that he "did not object to this instruction because I believe that such an instruction was proper under the existing law and, therefore, did not constitute an impermissible comment on the weight of the evidence." *Ex parte Lindley*, p. 44.  The trial court found counsel's affidavit to be credible, determined that his representation of petitioner was "within the recognized standard for competent trial attorneys," and concluded that petitioner failed to demonstrate "any prejudice as a result of

13

any alleged errors or omissions by his trial counsel." *Id.*, p. 45.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.

Petitioner does not show that, had counsel objected to the jury charge, the trial court would have erred reversibly in denying the objection.  The failure to raise meritless motions or to make meritless objections does not result in the ineffective assistance of counsel.  *Koch*, 907 F.2d at 527.  Petitioner fails to establish that, but for counsel's failure to object to the jury charge, there is a reasonable probability that the result of his trial would have been different.

The state courts denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

D.    *Failure to object to the State's exhibits*

Petitioner next claims that trial counsel failed to object to the State's Exhibits #1 (a fingerprint card), #2 (a waiver of rights and guilty plea) , and #3 (a guilty plea in a prior DWI conviction).  He contends that these exhibits were inadmissible, but provides no applicable legal argument and authorities supporting his contention.

In his affidavit submitted to the trial court on collateral review, trial counsel testified that he "did not object [to] the introduction and admission into evidence of State's Exhibits 1, 2, or 3 because I knew they were valid and I believed my objecting to them would cause

14

me to lose credibility with the jury." *Ex parte Lindley,* p. 44.  The state trial court found counsel's affidavit to be credible, that his representation of petitioner "fell within the recognized standard for competent trial attorneys," and that petitioner "failed to show any prejudice as a result of any alleged errors or omissions by his trial counsel." *Id.,* p. 45.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id.,* at cover.

Petitioner does not show that, had counsel objected to the exhibits, the trial court would have erred reversibly in denying the objection.  The failure to raise meritless motions or to make meritless objections does constitute ineffective assistance of counsel. *Koch,* 907 F.2d at 527.  Petitioner fails to establish that, but for counsel's failure to object to the exhibits, there is a reasonable probability that the result of his trial would have been different.

The state courts denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

E. *Failure to investigate his prior convictions*

Petitioner claims that, had counsel adequately investigated his prior DWI convictions, he would have discovered that petitioner was without the assistance of counsel when convicted of the prior offenses.  According to petitioner, counsel should have moved to strike these unconstitutional and inadmissible convictions.

15

In his affidavit submitted to the trial court on collateral review, trial counsel testified as follows:

> I investigated [petitioner's] prior DWI convictions and determined to my own satisfaction that they were valid convictions, despite [petitioner's] lack of counsel.  [Petitioner] waived his right to counsel and nothing indicated he was harmed by such waiver.

*Ex parte Lindley*, pp. 9–10, 34.  The state trial court found counsel's affidavit to be credible, that his representation of petitioner "fell within the recognized standard for competent trial attorneys," and that petitioner "failed to show any prejudice as a result of any alleged errors or omissions by his trial counsel."  *Id.*, p. 45.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.

The trial court found credible trial counsel's statement that petitioner had waived counsel in his prior DWI convictions.  Petitioner fails to present probative summary judgment establishing that he had not waived counsel in his prior convictions, and does not show that, had counsel objected, the trial court would have erred reversibly in denying the objection.  The failure to raise meritless motions or to make meritless objections does not result in the ineffective assistance of counsel.  *Koch*, 907 F.2d at 527.  Petitioner fails to establish that, but for counsel's failure to object to the prior convictions, there is a reasonable probability that the result of his trial would have been different.

The state courts denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*

16

or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

F.    *Failure to challenge the Intoxilyzer 5000*

Petitioner avers that trial counsel failed to challenge the reliability of the Intoxilyzer 5000 involved in his prosecution.  According to trial witnesses, petitioner had deliberately failed to breathe into the machine; according to petitioner, the machine was not working properly and he did not "refuse" to provide a breath sample.

In his affidavit presented to the trial court on collateral review, trial counsel testified that:

> I believed that one reasonable deduction from the evidence was that [petitioner] did in fact intentionally provide an insufficient breath sample when requested to blow into the Intoxilyzer 5000.  I chose not to vigorously cross-examine that point for fear of losing credibility with the jury.

*Ex parte Lindley*, p. 34.  The trial court found counsel's affidavit to be credible, determined that his representation of petitioner "during trial fell within the recognized standard for competent trial attorneys," and that petitioner failed to show "any prejudice as a result of any alleged errors or omissions by his trial counsel."  *Id.*, p. 45.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.

As in his previous habeas grounds, petitioner fails to present probative summary judgment evidence to support his claim.  Petitioner's conclusory allegations, unsupported by the record, establish neither deficient performance nor prejudice under *Strickland. See Ross*,

694 F.2d at 1011.  Petitioner fails to show that the Intoxilyzer 5000 was not working properly at the time he was asked to provide a breath sample or that its test results were unreliable. Petitioner does not show that, had counsel objected to the reliability of the test results, the trial court would have erred reversibly in denying the objection.  The failure to raise meritless motions or to make meritless objections does not result in the ineffective assistance of counsel.  *Koch*, 907 F.2d at 527.  Petitioner fails to show that, had counsel challenged the machine's reliability, there is a reasonable probability that the result of his trial would have been different.

The state courts denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

### *Ineffective Assistance of Appellate Counsel*

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal.  *Evitts v. Lucey*, 469 U.S. 387 (1985).  This Court reviews counsel's appellate performance under the *Strickland* standards.  *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998).  Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice.  That is, petitioner must show that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different.  *See Strickland*, 466 U.S. at 687–88, 692; *Jones v.*

18

*Jones*, 163 F.3d 285, 300 (5th Cir. 1998).  Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal.  *Evitts*, 469 U.S. at 394.  Nor will counsel be deficient for failing to press a frivolous point.  Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner.  *Id*.  A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful.  *Strickland*, 466 U.S. at 690–91.

Petitioner claims that appellate counsel was ineffective in the following instances.

A.    *Failure to challenge inadmissible evidence*

Petitioner complains that appellate counsel failed to challenge properly the admissibility of the State's rebuttal witnesses regarding his two prior DWI arrests.  At trial, trial counsel had objected to the evidence as "not relevant and more prejudicial than probative."  On appeal, however, appellate counsel asserted that the evidence was inadmissible extraneous offense evidence, which the court of appeals construed as an objection under Texas Rule of Evidence 404(b).  Finding that the trial objection and appellate objection were not the same, the court of appeals rejected the issue.  *Lindley*, at *1.

In his affidavit submitted to the trial court on collateral review, appellate counsel testified as follows:

> As to [petitioner's] contention under his sub-point Number One (wherein he contends that I argued the wrong rule in complaining about the admission of testimony of rebuttal witnesses), in my experience, I do not think that the result would have been any different had I furthered the argument as [petitioner] contends that I should have.

> Over the years, I have learned to avoid raising points of error that have
> virtually no chance of success with a Court of Appeals.  Furthermore, as a
> matter of practice, I please [sic] the weaker points of error later in an appeal
> brief.  The point of error about which [petitioner] complains in this sub point
> was an evidentiary point of error, and in my opinion, is one of the lesser
> significant points of error that we raised.

*Ex parte Lindley*, p. 26.  The trial court determined that counsel's affidavit was credible, that

his "representation of [petitioner] on appeal fell within the recognized standard for competent

appellate attorneys," and that [petitioner] failed to "show any prejudice as a result of any

alleged deficiency by his appellate counsel."  *Id*., p. 45.  The Texas Court of Criminal

Appeals relied on these findings in denying habeas relief.  *Id*., at cover.

Because petitioner does not show that the appellate court would have held the

evidence inadmissible under his proffered argument, he cannot show that he was prejudiced

by appellate counsel's failure to assert the argument.  That is, he fails to show that, but for

appellate counsel's failure to challenge the admissibility of the rebuttal evidence as "not

relevant and more prejudicial than probative," the result of his appeal would have been

different.  Petitioner's conclusory allegations of reversible error and deficient performance,

unsupported by the record, fail to establish prejudice under *Strickland*.  *See Ross*, 694 F.2d

at 1011.

The state courts denied relief on this claim.  Petitioner fails to show that the state

court's determination was contrary to, or involved an unreasonable application of, *Strickland*

or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

B._____*Failure to raise legal insufficiency of the evidence*

Petitioner acknowledges that the court of appeals rejected his factual sufficiency challenge on appeal, but argues that appellate counsel would have succeeded had he raised a legal sufficiency challenge.

In reviewing the sufficiency of the evidence, the standard for review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Under this standard, the jury may disregard any evidence it chooses to disregard, as it is the "responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts."  *Id*.  Any contradictory testimony does not affect the validity of the guilty verdict.  *Id*.  The evidence can be sufficient to support a conviction under *Jackson* even when it also supports a claim of innocence.  *See Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

In his affidavit submitted to the trial court on collateral review, appellate counsel testified as follows:

> As to [petitioner's] contentions under sub-point Number Two, that I did not challenge the legal sufficiency of evidence, [petitioner] correctly pointed out that I challenged the factual significance of the evidence, but not the legal sufficiency.

I am familiar with the standards regarding legal sufficiency the evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979). I did not think that there was any possible way that the Court of Appeals could conclude that there was not at least some evidence (more than the scintilla) on each of the elements of the offense that the State of Texas had to prove at trial to obtain [the] conviction.

In my view, it would have detracted from our credibility to have raised a point of error that we had no chance of winning. Furthermore, the Court of Appeals overruled the factual sufficiency point of error. If the evidence was factually sufficient it was necessarily was [sic] legally sufficient. Therefore, raising a legal sufficiency challenge of the evidence point of error, in my opinion, would have been a waste of time and effort and detracted from the issues where we actually had a chance of success.

*Ex parte Lindley*, pp. 26–27. The trial court determined that counsel's affidavit was credible, that his "representation of [petitioner] on appeal fell within the recognized standard for competent appellate attorneys," and that [petitioner] failed to "show any prejudice as a result of any alleged deficiency by his appellate counsel." *Id.*, p. 45. The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id.*, at cover.

The evidence set forth by the state appellate court in its opinion affirming the conviction is itself enough to allow a rational trier of fact to convict petitioner of the allegations in the indictment and jury charge, and the evidence presented at trial was enough to defeat a legal sufficiency challenge in a Texas appellate court under the *Jackson* standard. Moreover, an independent review of the trial record reveals sufficient evidence under *Jackson* to sustain the jury's verdict. Consequently, petitioner does not show that, but for appellate counsel's failure to challenge the legal sufficiency of the evidence, there is a reasonable probability that he would have prevailed on appeal.

The state courts denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this claim.

### Conclusion

Respondent's motion for summary judgment (Docket Entry No. 14) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas on March 30, 2012.

Gray H. Miller
United States District Judge